FILED

Kevin Pampena
4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 356-4771

2011 SEP 15 AM 10: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES



ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Kevin Pampena, | ) Case No. **CV11-07613 R(PJWx)** |
| Plaintiff, | ) **VERIFIED COMPLAINT** |
| vs. | ) **Quiet Title,** |
| | ) **FDCPA (15 U.S.C. § 1692 et seq.),** |
| CAL-WESTERN RECONVEYANCE CORP.; | ) **RESPA (12 U.S.C. § 2605 et seq.),** |
| AURORA LOAN SERVICES LLC; | ) **Breach Of Fiduciary Duty and Unjust Enrichment** |
| UNKNOWN OWNER OF THE NOTE; | ) **[ Injunctive Relief Requested]** |
| Defendants. | ) **[Supplemental State Claims]** |

### Preliminary Statement

1.       Injunction is needed to stop an unlawful foreclosure sale scheduled for **Sept 19, 2011.**

2.       In this Complaint, allegations marked (*) are made upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. All other allegations are made of personal knowledge.

VERIFIED COMPLAINT                                                                                        1

## Jurisdiction and Venue

3.     Jurisdiction is under including but not limited to 28 U.S.C. §§ 1331, 1332. The Plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Venue for this action is proper in this district since:

(a) Defendants are subject to personal jurisdiction of the State of California and have sufficient contacts with this district under 28 U.S.C. § 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. § 1391 (b) (2) and/or (c).

5.     This matter is properly filed in this District. The claims arose in this District and all Defendants reside and/or do business in this District.

## Parties

6.     Plaintiff is a citizen of California.

7.     Defendant CAL-WESTERN RECONVEYANCE CORP. is a California corporation with address 400 NORTHRIDGE ROAD, SUITE 700 ATLANTA GA 30350 and can be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC., address 2875 MICHELLE DR STE 100, IRVINE CA 92606.

8.     Defendant AURORA LOAN SERVICES LLC is a Delaware corporation with address 10350 PARK MEADOWS DR, LITTLETON CO 80124 and can be served with process through its registered agent "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE," address 2711 CENTERVILLE ROAD, WILMINGTON DE 19808.

9.     Defendants keep accounting entries for each of its loans in a "general ledger" or other ledger, showing all changes to Assets, Liabilities and Owner's Equity resulting from the loans. These accounting ledger entries can be produced in a form similar to that described in accounting

textbooks such as <u>Intermediate Accounting</u> by Donald E. Kieso, Jerry J. Weygandt, and Terry D. Warfield (Wiley, 2003), and <u>Financial Accounting</u> by Paul D. Kimmel, Jerry J. Weygandt, and Donald E. Kieso (Wiley, 2006). Under the "matching" principle of GAAP, Defendants can produce a ledger showing all costs and revenues resulting from each loan in their accounts. Defendants keep records for all loans in a form ready to produce for government inspection in case of an audit.

10.    (*) Defendant UNKNOWN OWNER OF THE NOTE is an unknown entity, which will be named after discovery.

**Factual Allegations:**

11.    All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

12.    At all relevant times, Plaintiff and his wife were and are the owners of the property at **4005 Clubhouse Road, Lompoc, CA 93436-1333** (hereafter "the Property"), legally described as:

> **LOT 84 OF TRACT NO. 10176, UNIT ONE, IN THE COUNTY OF SANTA BARBARA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 57 PAGES 67 TO 70, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

> **EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYIN BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN THE DEED FROM UNION OIL COMPANY OF CALIFORNIA RECORDED NOVEMBER 3, 1961 AS INSTRUMENT NO. 39600 IN BOOK 1882, PAGE 560, OF OFFICIAL RECORDS.**

13.    Plaintiff is, and has been, in continuous possession of the Property.

14.    Plaintiff did not make a forcible entry into the Property.

15.    Plaintiff is not unlawfully holding the possession of the Property by force.

16.    Plaintiff has never sold the Property.

VERIFIED COMPLAINT                                                              3

17. The entity that intends to foreclose on the home of the Plaintiff is not the lender that originated any mortgage and is not an assignee of any mortgage nor a duly appointed trustee.

### FIRST CAUSE OF ACTION - Quiet Title
### (Against Defendants CAL-WESTERN RECONVEYANCE CORP.)

18. Plaintiff incorporates those paragraphs of this Complaint listed above under "Factual Allegations" as if fully set forth in this claim.

19. At all times relevant to this Complaint, Plaintiff was and is in possession and have been in continuous possession of the Property, against all the world, and have paid all lawful property taxes thereon.

20. Plaintiff has superior and legal title to, and other interest in, the Property.

21. At all times relevant to this Complaint, Plaintiff was and is the owner of the Property and entitled to such ownership and use without interference by Defendants.

22. CAL-WESTERN RECONVEYANCE CORP. made a claim to the Property via a mailed document titled "NOTICE OF DEFAULT" which demands payment, and an explicit threat of foreclosure if payment is not made.

23. Defendants' claims to any right, title or interest in the property are false and without merit.

24. (*) Defendants are not owners or holders of any Note encumbering the Property.

25. Plaintiff brings this suit against Defendants who claim an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claims, interests or estates.

26. Plaintiff seeks Judgment, Order and Decree quieting title to the Property in Plaintiff, as against Defendants, as of the date the Complaint in this case was filed, and such further equitable relief as the Court deems proper.

### SECOND CAUSE OF ACTION
### FDCPA - Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)
### (Against Defendant CAL-WESTERN RECONVEYANCE CORP.)

27. Plaintiff incorporates paragraphs 11-17 of this Complaint as if fully set forth here.

VERIFIED COMPLAINT

4

28. The initial communication was a letter from Defendant CAL-WESTERN RECONVEYANCE CORP. titled "LOAN PAYMENT CONFIRMATION" dated June 13, 2010, bearing the language "This letter is an attempt to collect a debt and any information obtained from you will be used for that purpose." Defendant CAL-WESTERN RECONVEYANCE CORP. failed to state, within five days of the initial communication, or ever, the name of the creditor to whom the debt was allegedly owed, in violation of § 1692 g(a)(2).

29. Defendant CAL-WESTERN RECONVEYANCE CORP. failed to disclose, within five days of the initial communication, or ever, the right to dispute the debt within 30 days, in violation of § 1692 g(a)(3).

30. Defendant CAL-WESTERN RECONVEYANCE CORP. failed to disclose, within five days of the initial communication, or ever, the right to have verification/judgment mailed to consumer, in violation of § 1692 g(a)(4).

31. Defendant CAL-WESTERN RECONVEYANCE CORP. failed to state, within five days of the initial communication, or ever, that it will provide the name and address of the original creditor, in violation of § 1692 g(a)(5).

32. Because the required information was never provided, the "notice" referred to in FDCPA Section 809(a) was never received, and the thirty-day period never started.

33. On August 11, 2011, Plaintiff notified Defendant CAL-WESTERN RECONVEYANCE CORP. in writing that the debt was disputed and Plaintiff requested the name and address of the original creditor.

34. Defendant CAL-WESTERN RECONVEYANCE CORP. failed to cease collection efforts until the debt was validated, in violation of § 1692 g(b). The sale is still scheduled to occur.

35. Defendant CAL-WESTERN RECONVEYANCE CORP. failed to properly verify the debt and made debt collection attempts after that date, in violation of § 1692 g(b). The sale is still scheduled to occur.

VERIFIED COMPLAINT                                                                                                 5

36.     On April 14, 2011, Defendant CAL-WESTERN RECONVEYANCE CORPORATION BY FIRST AMERICAN, AS AGENT mailed to Plaintiff a letter titled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST," demanding money in the sum of $492,000.00. The attached cover letter bore the language "This letter is an attempt to collect a debt and any information obtained from you will be used for that purpose." I hereby certify that the attached Exhibit A is a true copy of that letter.

37.     Telephone calls reveal that a foreclosure sale is scheduled for **September 19, 2011**.

38.     On August 12, 2011, Plaintiff mailed a certified letter titled NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT to CAL-WESTERN RECONVEYANCE CORP. requesting the name and address of the original creditor, and requesting the true and full name of the employer. I hereby certify that the attached Exhibit B is a true copy of that letter.     CAL-WESTERN RECONVEYANCE CORP. failed to respond.

39.     (*) Defendant CAL-WESTERN RECONVEYANCE CORP. falsely represented that it owned a Note encumbering the Property, or was an agent of the entity that owned such a Note.

40.     The above-described activities constitute false, deceptive, and misleading representation and means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e.

41.     These activities constitute unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

42.     These activities constitute "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f. Congress intended the FDCPA to apply here:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal . . . .

House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.

VERIFIED COMPLAINT                                                                                          6

43.     As a result of these wrongful actions, Plaintiff suffered damages to be determined at trial.

## THIRD CAUSE OF ACTION – RESPA (12 U.S.C. § 2605 et seq.)
### (Against All Defendants)

44.     Plaintiff incorporates paragraphs 11-17 of this Complaint as if fully set forth here.

45.     On August 12, 2011, Plaintiff mailed a QUALIFIED WRITTEN REQUEST in the form of a certified letter to AURORA LOAN SERVICES at PO Box 1706, Scottsbluff, NE 69363-1706 requesting the identity, address, and other relevant contact information about the owner or assignee of the loan. I hereby certify that the attached Exhibit C is a true copy of that letter.

46.     Defendants failed to respond within 10 business days, in violation of Section 6 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2605) as amended by the Dodd–Frank Wall Street Reform and Consumer Protection Act (Pub.L. 111-203, H.R. 4173).

47.     As a result of these wrongful actions, Plaintiff suffered damages to be determined at trial.

## FOURTH CAUSE OF ACTION – Breach Of Fiduciary Duty and Unjust Enrichment
### (Against All Defendants)

48.     Plaintiff incorporates paragraphs 11-17 of this Complaint as if fully set forth here.

49.     Unjust enrichment is an action in quasi-contract, Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir.1996), "synonymous with restitution," McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). "Restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective." McBride, 123 Cal. App. 4th at 121 (citing 3 Witkin, Cal. Procedure, Actions §§ 148-50 (4th ed. 1996); 1 Witkin, Summary of Cal. Law, Contracts §§ 112, 118 (9th ed. 1987)).

50.     (*) Defendants have obtained bailout money from the United States government. Defendants had an obligation to use that money to help homeowners including Plaintiff. Defendants, however, instead diverted that money for other purposes, and this constitutes a breach of fiduciary duty and unjust enrichment.

VERIFIED COMPLAINT

51.    (*) Defendants were unjustly enriched by receiving excessive monetary payments from an unknown lender or lenders using the Note as collateral, possibly having pledged the same Note multiple times; from an unknown insurance company pursuant to a wrongful claim; from the TARP program; and from other parties yet to be identified.

52.    (*) All sums advanced for any loan to the Plaintiff by investors have been repaid, settled, satisfied or otherwise are no longer outstanding.

53.    As a result of Defendants' wrongful actions, Plaintiff suffered damages to be determined at trial, for which Defendants are jointly and severally liable.

## Prayer for Relief:

WHEREFORE, Plaintiff prays this court enter an order providing relief as follows:

54.    Plaintiff prays this honorable Court take jurisdiction of this case;

55.    For a temporary restraining order and preliminary and permanent injunction prohibiting all Defendants, and their officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them or each of them, during the pendency of this action, and permanently thereafter, from recording any mortgages regarding the Property;  from selling, assigning or transferring mortgages or obligations relating to the Property;  from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings against the Property;  from otherwise encumbering the Property; from instituting, prosecuting, or maintaining ejectment or F.E.D. proceedings against Plaintiff;  from transferring any interest in the subject properties; from proceeding with any foreclosure action as to the Plaintiff' residence and/or proceeding with any collection action against Plaintiff; or from otherwise taking any steps to deprive Plaintiff of ownership and/or enjoyment of his home.

56.    Award to Plaintiff $492,000.00 damages and their reasonable costs, disbursements and pre-judgment and post-judgment interest, other general, statutory, consequential and punitive damages;

VERIFIED COMPLAINT                                                                                    8

57.     Declaratory judgment that Plaintiff have clear title to the property, free from any encumbrances by Defendants, and that Defendants have no valid security interest;

58.     That this Court grant such other and further relief as it deems just and proper.

59.     Finally, Plaintiff is not an attorney and is inexperienced in procedure as practiced in the Federal Courts.   If this submission is found wanting in one or more particulars, it is incumbent upon the Court to inform Plaintiff of the deficiencies, their specifics and assist the Plaintiff in correcting the submission, and the Plaintiff hereby respectfully requests such assistance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September **6** , 2011

_Kevin Pampena_, Plaintiff Pro Se
4005 Clubhouse Road
Lompoc, CA  93436-1333
(805) 356-4771

EXHIBIT LIST

Exhibit A – NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Exhibit B - August 12, 2011 letter from Plaintiff titled "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" requesting the name and address of the original creditor and true and full name of the employer

Exhibit C - August 12, 2011 QUALIFIED WRITTEN REQUEST from Plaintiff requesting the identity, address, and other relevant contact information about the owner or assignee of the loan

VERIFIED COMPLAINT

UNITED STATES POSTAL SERVICE

PRIORITY MAIL®

Flat Rate
Mailing Envelope

For Domestic and International Use

Visit us at usps.com

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

INTERNATIONAL RESTRICTIONS APPLY:

4-POUND WEIGHT LIMIT ON INTERNATIONAL APPLIES

Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.gov or ask a retail associate for details.

Please recycle.

KEVIN PAMPENA
(806) 717-2020
THE UPS STORE #2079
1305 NO. H ST., STE. A
LOMPOC CA 93436-8139

1 LBS          1 OF 1
SHP WT: 1 LBS
DATE: 08 SEP 2011

SHIP UNITED STATES DISTRICT COURT
TO: OFFICE OF THE CLERK
    312 N SPRING ST

    LOS ANGELES  CA 90012-2702



CA 901 9-01



UPS GROUND
TRACKING #: 1Z 32N 162 03 9925 0084



BILLING: P/P



RECEIVED
CLERK, U.S. DISTRICT COURT

SEP - 9 2011

CENTRAL DISTRICT OF CALIFORNIA
BY

EP14F

Court Name: U.S. District Court
Division: 2
Receipt Number: LA025509
Cashier ID: llcash
Transaction Date: 09/15/2011
Payer Name: coasthills
------------------------------------
CIVIL FILING FEE
  For: coasthills
  Case/Party: D-CAC-2-11-CV-007613-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 3557
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:       $0.00


No refunds without original
receipt. Returned checks will be
assessed a fee of $45.00.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 7613 R (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) <br> Kevin Pampena | DEFENDANTS <br> CAL-WESTERN RECONVEYANCE CORP.; <br><br> AURORA LOAN SERVICES LLC; |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> 4005 Clubhouse Road <br> Lompoc, CA 93436-1333 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** $492,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FDCPA (15 U.S.C. § 1692 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☑ 290 All Other Real Property | | | | |

**CV11-07613**

FOR OFFICE USE ONLY:     Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |
| | Colorado |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER): _Kevin Jaquith_  Date  9-6-2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)  CIVIL COVER SHEET  Page 2 of 2