Kevin Pampena
4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 717-2820







# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| Kevin Pampena, | ) | Case No. 2:11-cv-07613-R-PJW |
| Plaintiff, | ) | |
| vs. | ) | **PLAINTIFF'S VERIFIED OBJECTION TO [13] ORDER ON MOTION TO DISMISS** |
| CAL-WESTERN RECONVEYANCE CORP.; | ) | |
| AURORA LOAN SERVICES LLC; | ) | |
| UNKNOWN OWNER OF THE NOTE; | ) | |
| Defendants. | ) | |

I, Kevin Pampena, declare:

1. Plaintiff Kevin Pampena objects to [13] ORDER ON MOTION TO DISMISS.

2. The docket does not show my RESPONSE TO AURORA'S MOTION TO

DISMISS.

3. The docket does not show my Errata to Complaint.

4. I mailed my RESPONSE TO AURORA'S MOTION TO DISMISS on Thursday, February 2, 2012, by Overnight Express item number EV86 7341 290 U.S. A true copy of my RESPONSE TO AURORA'S MOTION TO DISMISS is attached.

5. A second document in that envelope was an Errata to Complaint. A true copy of the Errata to Complaint is attached.

6. My RESPONSE TO AURORA'S MOTION TO DISMISS was received the next day, Friday, February 3, 2012.

7. Proof of delivery is attached.

8. Since my two documents were delivered, but do not show up on the docket, they appear to be lost somewhere in the clerk's office.

9. I also served those documents on the attorney, and certified such service, as shown in the attached copies of my documents.

10. I did not appear at the hearing on Monday, February 7, 2012 because I did not receive formal notice of the hearing from the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 15, 2012

Kevin Pampena, Plaintiff Pro Per
4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 717-2820

CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers

herein referred to, over the age of 18 years, and not a party to this action.

I further certify that on the date written below, I served the attached document by U.S. Mail on the following:

AURORA LOAN SERVICES LLC
c/o Alison C. Lienau
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

CAL-WESTERN RECONVEYANCE CORP.
c/o Nicole K. Neff, Esq.
POB 22004
El Cajon, CA 92022-9004

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 day of February 2012, at Lompoc, California.

______________________________

Signature of Person Mailing Document



Date: 02/08/2012

KEVIN PAMPENA:

The following is in response to your 02/08/2012 request for delivery information on your Express Mail(R) item number EV86 7341 290U S. The delivery record shows that this item was delivered on 02/03/2012 at 10:40 AM in LOS ANGELES, CA 90053 to A A LOPEZ. The scanned image of the recipient information is provided below.

Signature of Recipient: Delivery Section

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

English Customer Service USPS Mobile Register / Sign In



Search USPS.com or Track Packages

Quick Tools Ship a Package Send Mail Manage Your Mail Shop Business Solutions

# Track & Confirm

GET EMAIL UPDATES PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| EV867341290US | Express Mail® | Delivered | February 03, 2012, 10:40 am | LOS ANGELES, CA 90053 | **Guaranteed By:** February 3, 2012, 12:00 PM **Proof of Delivery** |
| | | Notice Left (No Authorized Recipient Available) | February 03, 2012, 10:11 am | LOS ANGELES, CA 90012 | |
| | | Out for Delivery | February 03, 2012, 10:03 am | LOS ANGELES, CA 90012 | |
| | | Sorting Complete | February 03, 2012, 9:53 am | LOS ANGELES, CA 90012 | |
| | | Arrival at Post Office | February 03, 2012, 9:46 am | LOS ANGELES, CA 90012 | |
| | | Processed through USPS Sort Facility | February 03, 2012, 4:13 am | LOS ANGELES, CA 90009 | |
| | | Depart USPS Sort Facility | February 02, 2012 | GOLETA, CA 93199 | |
| | | Processed through USPS Sort Facility | February 02, 2012, 4:32 pm | GOLETA, CA 93199 | |
| | | Acceptance | February 02, 2012, 12:01 am | LOMPOC, CA 93436 | |

### Check on Another Item

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.

Original

Kevin Pampena
c/o 4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 717-2820

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Kevin Pampena,<br><br>Plaintiff,<br><br>vs.<br><br>CAL-WESTERN RECONVEYANCE CORP.;<br>AURORA LOAN SERVICES LLC;<br>UNKNOWN OWNER OF THE NOTE;<br><br>Defendants. | Case No 2:11-cv-07613-R -PJW<br><br>**ERRATA**<br><br>**TO**<br><br>**COMPLAINT** |

Attached hereto are copies of the documents referred to in paragraphs 36, 38 & 45 on pages 6, & 7 of the Verified Complaint that was filed September 15, 2011. The attached documents, marked Exhibits "A", "B", "C" respectively were inadvertently omitted.

Dated: February 1st, 2012

Kevin Pampena, Plaintiff Pro Per

CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action.

I further certify that on the date written below, I served the attached document by U.S. Mail on the following:

AURORA LOAN SERVICES LLC
c/o Alison C. Lienau
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

CAL-WESTERN RECONVEYANCE CORP.
c/o Victoria Adams, Esq.
525 East Main Street
El Cajon, CA 92020

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of February 2012, at Lompoc, California.

Signature of Person Mailing Document

# EXHIBIT A

P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION ENCLOSED



71 96900 2484 0072 9670 7

Mailed On: April 27, 2011
Reference Number: 1320121-14 2
Mailing Number: 1767660-01 ClientID: CWR CE

KEVIN PAMPENA
4005 CLUBHOUSE RD
LOMPOC CA 93436-1333

Pursuant to the requirements contained in section 2924b of the Civil Code of the State of California, we enclose a copy of a Notice of Default and Election to Sell under Deed of Trust in an envelope and with postage prepaid.

You will please observe that said Notice of Default and Election to Sell under Deed of Trust was recorded on April 15, 2011 and that this notice was mailed within the required statutory time limit.

This letter is an attempt to collect a debt and any information obtained from you will be used for that purpose.

Unless you notify us at the address on the attached notice within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume this debt is valid. If you notice that you dispute this debt, we will obtain a verification of the debt from the lender and mail you a copy.

If you make a request to us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor.

If you are in any branch of the U.S. Reserve Armed Forces and have been called to active duty, please forward a copy of your orders to our office.

Thank you.

CAL-WESTERN RECONVEYANCE CORPORATION

Enclosure

nodmtca Rev. 06/28/10





**Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

---

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN:**

**CAL-WESTERN RECONVEYANCE CORPORATION is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated August 01, 2006 executed by**

**KEVIN PAMPENA, AN UNMARRIED MAN as trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR SIERRA PACIFIC MORTGAGE COMPANY, INC. IT'S SUCCESSORS AND ASSIGNS as beneficiary, recorded as document 2006-0063188 on August 10, 2006 in book XX page XX official records in the office of County Recorder of SANTA BARBARA County, California, describing land therein as:**

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST,**

**said obligations including a promissory note for the principal sum of $492,000.00.**
**That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:**

**Failure to pay the monthly payment due June 1, 2010 of principal, interest and impounds and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.**

**That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.**

**The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.**

**T.S. 1320121-14**
**Dated: April 14, 2011**

**CAL-WESTERN RECONVEYANCE CORPORATION**
**BY FIRST AMERICAN, AS AGENT**

**Signature By** ______________
Luis Hodgson

NODCA

# EXHIBIT B

Kevin Pampena
4005 Clubhouse Road
Lompoc, CA 93436-1333

**NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT (as amended)**

August 12, 2011

**VIA U. S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon, CA 92022-9004

Re: Reference Number: 1320121-14 2
Property Address: 4005 Clubhouse Road, Lompoc, CA 93436-1333

Today I received a NOTICE OF DEFAULT, quoting a "principal sum" of $492,000.00, "together with all subsequent sums advanced by beneficiary," and a statement that "This letter is an attempt to collect a debt and any information obtained from you will be used for that purpose," which I construe as a demand for payment. This is not a refusal to pay, but a notice that all or part of your claim is disputed. It is not now, nor has it ever been my intention to avoid paying any obligation that I lawfully owe. This is a request for a verification and validation made pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

I request the name and address of the original creditor. Please cease collection of the debt until you obtain verification of the debt or a copy of a judgment, and the name and address of the original creditor, and mail me a copy of such verification or judgment, and name and address of the original creditor. See section 809 of the Fair Debt Collection Practices Act, 15 USC 1692g. Please identify the true and full name of your employer. See section 804.

Please be advised that I am not requesting "verification" that you have my mailing address. I am requesting a "verification" and "validation," that is, competent evidence that I have some contractual obligation to pay you a specific amount.

**I demand that no adverse information regarding this "alleged" account be reported to any consumer credit reporting bureau or agency.**

Sincerely,

/s/ *Kevin Pampana*
KEVIN PAMPENA

# EXHIBIT C

Kevin Pampena
4005 Clubhouse Road
Lompoc, CA 93436-1333

# QUALIFIED WRITTEN REQUEST

August 12, 2011

**VIA U. S. CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

AURORA LOAN SERVICES
PO Box1706
Scottsbluff, NE 69363-1706

Re: Account Number: 0123049017
Property Owner: Kevin Pampena
Property Address: 4005 Clubhouse Road, Lompoc, CA 93436-1333

This is a Qualified Written Request as defined by the Real Estate Settlement Procedures Act ("RESPA") for information regarding the servicing of this mortgage loan.

This is also a request made pursuant to §1641(f)(2) of the Truth in Lending Act ("TILA") for the name, address and telephone number of the owner of the mortgage Note that evidences this debt obligation.

Based on information in some correspondence that I have received, I believe the account is in error because it misidentifies the party owed, and I am uncertain as to who is the current owner of the mortgage loan and/or note. Please resolve this uncertainty and dispute by providing me with the identity, address, and other relevant information about the owner or assignee of the home mortgage loan covering my principal dwelling as referenced in the subject line

The Dodd-Frank Financial Reform Act, Public Law 111-203 requires your response within ten business days. I appreciate your timely response to my request.

Sincerely,

/s/ *Kevin Pampana*
KEVIN PAMPENA

original

Kevin Pampena
c/o 4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 717-2820

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

Kevin Pampena, ) Case No. 2:11-cv-07613-R-PJW

Plaintiff,

vs.

CAL-WESTERN RECONVEYANCE CORP.;

AURORA LOAN SERVICES LLC;

UNKNOWN OWNER OF THE NOTE;

Defendants.

**PLAINTIFF'S RESPONSE TO [4] AURORA'S MOTION TO DISMISS AND [5] REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1. Plaintiff Kevin Pampena responds to AURORA LOAN SERVICES LLC'S NOTICE OF MOTION AND MOTION: (1) TO DISMISS PLAINTIFF'S COMPLAINT,

OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, including the MEMORANDUM OF POINTS AND AUTHORITIES ("Memorandum"). Plaintiff also responds to [5] REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT.

2. The Memorandum states on page 1:

> Plaintiff does not dispute that he received $492,000.00 in loan ("Loan") proceeds in August 2006 - his repayment of which is secured by a deed of trust ("Deed of Trust") encumbering the real property located at 4005 Clubhouse Road, Lompoc, CA 93436 (the "Property"). It is also undisputed that Plaintiff defaulted on his Loan in June 2010 and has yet to cure this default.

However, the Complaint does not allege any of these facts, and there has been no Answer. No one has alleged that Plaintiff received $492,000.00 in loan proceeds in August 2006. No one has alleged any encumberance of the property. Paragraph 24 of the Complaint states:

> 24. (*) Defendants are not owners or holders of any Note encumbering the Property.

and Paragraph 39 of the Complaint states:

> 39. (*) Defendant CAL-WESTERN RECONVEYANCE CORP. falsely represented that it owned a Note encumbering the Property, or was an agent of the entity that owned such a Note.

The pleadings are void of any allegation of default. The only mentions of "default" made in the Complaint are:

> 22. CAL-WESTERN RECONVEYANCE CORP. made a claim to the Property via a mailed document titled "NOTICE OF DEFAULT" which demands payment, and an explicit threat of foreclosure if payment is not made.
>
> 36. On April 14, 2011, Defendant CAL-WESTERN RECONVEYANCE CORPORATION BY FIRST AMERICAN, AS

> AGENT mailed to Plaintiff a letter titled "NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST," demanding money in the sum of $492,000.00. The attached cover letter bore the language "This letter is an attempt to collect a debt and any information obtained from you will be used for that purpose." I hereby certify that the attached Exhibit A is a true copy of that letter.

The allegation that Cal-Western mailed a Notice of Default is not an allegation that there was a default.

3. The Memorandum's "Relevant Facts" are not supported by admissible evidence and should be disregarded. Public records are not admissible evidence of the truth of their contents. A public record (unless it is a sworn affidavit or declaration) is evidence only of the existence and contents of the document, and is also evidence of notice to the public of the contents of the document as of the time of publication of the record.

4. The Memorandum states on pages 3-4:

> In this case, although Plaintiff alleges that he "has superior title to, and other interest in, the Property" [VC¶20], he cannot quiet title to the Property as he has not made a viable offer to tender the amount owing on his Loan.

However, there is no admissible evidence, or even allegation in the pleadings, of any such Loan.

5. The Memorandum states on page 4:

> … VC fails to allege Aurora is, or was, his Loan "servicer" …

This is correct. Plaintiff therefore requests leave to amend the VC to include an allegation that Aurora was the person responsible for servicing of the loan referred to in the a letter from Defendant CAL-WESTERN RECONVEYANCE CORP. titled "LOAN PAYMENT CONFIRMATION" dated June 13, 2010 (see paragraph 28 of the VC).

6. The Memorandum states on page 5:

> Based on the allegations in the VC, however, his Letter did not seek information pertaining to the "servicing" of his Loan as defined in RESPA (i.e. he does not claim the Letter identified any servicing errors). Instead, he claims the Letter solely sought identifying information pertaining to the

> owner/assignee of his Loan - which does not qualify as information relating to the servicing of his Loan.

7. The Memorandum appears to be arguing that RESPA requires a statement or claim that the account is in error. However, 12 U.S.C. 2605(e)(B) states:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that— ...
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

8. The Memorandum states on page 6:

> ... the VC does not allege facts establishing that he suffered actual damages and, in order to state a RESPA claim, a "[p]laintiff must, at a minimum...allege that the breach resulted in actual damages."

However, paragraph 47 of the Complaint states:

> 47. As a result of these wrongful actions, Plaintiff suffered damages to be determined at trial.

In the alternative and without waiving the foregoing, Plaintiff requests leave to amend the Complaint to allege actual damages from the RESPA violation.

9. The Memorandum states on page 6, footnote 4:

> Moreover, a servicer has no duty under RESPA to respond to a QWR within 10 days of receipt of same (as alleged in the VC [see VC¶46]). Rather, as discussed supra, upon receipt of a QWR, a servicer is only required to acknowledgment receipt of same within 20 days and respond substantively within 60 days. See 12 U.S.C. §§ 2605(e).

However, the Dodd-Frank Wall Street Reform and Consumer Protection Act, which was signed into law on July 21, 2010, amended RESPA. Servicers now have less time to acknowledge and respond to QWRs. The Act changes the acknowledgment deadline for QWRs from 15 days to only 5 days. The Act also changes the substantive response deadline from 60 days to just 30 days. It does allow a 15-day extension, if the borrower is notified of the extension and the reasons for the delay; but even with the extension, the

time frames are still short enough that servicers must act quickly.

**RESPONSE TO THE REQUEST FOR JUDICIAL NOTICE**

10. Plaintiff objects to the Exhibits to the Request for Judicial Notice. The Request for Judicial Notice requests that the Court "take judicial notice of" certain documents. However, this is not the same thing as admitting evidence of the truth of the contents of those documents. None of the Exhibits to the Request for Judicial Notice are certified. Public records are not admissible evidence of the truth of their contents. A public record (unless it is a sworn affidavit or declaration) is evidence only of the existence and contents of the document, and is also evidence of notice to the public of the contents of the document as of the time of publication of the record.

Executed on: February 1, 2012

Kevin Pampena, Plaintiff Pro Per
4005 Clubhouse Road
Lompoc, CA 93436-1333
(805) 717-2820

CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 4005 Clubhouse Road, Lompoc, CA 93436-1333.

I further certify that on the date written below, I served the attached document by U.S. Mail on the following:

AURORA LOAN SERVICES LLC
c/o Alison C. Lienau
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935

CAL-WESTERN RECONVEYANCE CORP.
c/o Victoria Adams, Esq.
525 East Main Street
El Cajon, CA 92020

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1 day of February 2012, at Lompoc, California.

Signature of Person Mailing Document